# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### April 20, 2010 Session

## ALLISON J. PERSON, AS ADMINISTRATRIX OF THE ESTATE OF EFFIE J. WOOTEN, Deceased, ET AL. v. KINDRED HEALTHCARE, INC., d/b/a PRIMACY HEALTHCARE AND REHABILITATION CENTER, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
No. CT-006261-04      Karen R. Williams, Judge



**No. W2009-01918-COA-R3-CV - Filed May 7, 2010**

This is an action for negligence and wrongful death filed against a nursing home by the administrator of decedent patient's estate. The trial court denied Defendant nursing home's motion to dismiss or, in the alternative, for summary judgment upon finding decedent patient was not competent to execute the power of attorney pursuant to which decedent's daughter had executed an arbitration agreement with Defendant. Defendant appeals. We dismiss the appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

William Lee Maddux, T. Ryan Malone, Chattanooga, Tennessee, for the appellants, Kindred Healthcare, Inc., Kindred Healthcare Services, Inc., Kindred Healthcare Operating, Inc., Kindred Nursing Centers limited Partnership, George A. Munchow, J. David Marchant and Melisa Lucinda Hall.

Cameron C. Jehl, Deborah Truby Riordan and Carey Lynn Acerra, Little Rock, Arkansas, for the appellee, Allison J. Person.

## OPINION

This appeal arises from protracted proceedings in an action originally filed by Wendolyn Petties (Ms. Petties), as Administratrix of the Estate of Effie J. Wooten, deceased, and on behalf of the wrongful death beneficiaries of Effie J. Wooten, against Kindred

Healthcare, Inc., d/b/a Primacy Healthcare and Rehabilitation Center ("Kindred Healthcare"), and several individuals, in their professional capacities, in the Circuit Court for Shelby County in November 2004. In her complaint, Ms. Petties alleged that, on October 22, 2003, decedent Effie Wooten (Ms. Wooten), was admitted to a nursing home operated by Kindred Healthcare in Memphis. She alleged that Ms. Wooten was of unsound mind and unable to attend to her affairs when she entered the nursing home; that she suffered multiple injuries while a resident of the nursing home; that, as a result of these injuries, Ms. Wooten required medical attention and hospitalization; and that Ms. Wooten died on March 27, 2004, after being removed from the nursing home in February 2004. Ms. Wooten asserted claims arising from injuries due to negligence; gross negligence and willful, wanton, reckless, malicious and/or intentional conduct; medical malpractice; violation of the Tennessee Adult Protection Act; and breach of contract. She asserted claims for survival and wrongful death, and prayed for compensatory and punitive damages and demanded a trial by jury.

In December 2004, Kindred Healthcare filed a notice of removal to the United States District Court for the Western District of Tennessee. On December 30, Ms. Petties filed a motion to remand the matter to the Circuit Court of Tennessee. The district court granted her motion to remand on April 25, 2005.

On May 23, 2005, Kindred Healthcare filed a motion in the circuit court styled "MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, AND TO STAY ALL PROCEEDINGS, INCLUDING DISCOVERY." In its motion, Kindred Healthcare "move[d] [the] [c]ourt for an Order dismissing Plaintiff's Complaint or, in the alternative, for summary judgment against Plaintiff in this matter." Defendants further "move[d] to stay all proceedings, including discovery, not relevant to the validity and enforceability of the alternative dispute resolution agreement at issue in this case." Kindred Healthcare asserted,

> Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants by this Court because all claims are barred by the Alternative Dispute Resolution Agreement between the parties. In the alternative, Plaintiff can show no genuine issue as to any material fact, as evidenced by the Alternative Dispute Resolution Agreement Between Resident and Facility. . . . Defendants are, therefore, entitled to summary judgment as a matter of law.

Kindred Healthcare attached to its motion a copy of an alternative dispute resolution ("ADR") agreement that was executed by Ms. Petties on Ms. Wooten's behalf on October 30, 2003.

In October 2005, the parties entered an agreed order staying all discovery other than that reasonably calculated to lead to discovery of admissible evidence related to the validity and/or enforceability of the ADR agreement until December 7, 2005. The agreed order stated, "[a]fter that time, the Court will consider Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment." In April 2006, the trial court entered an order substituting Allison J. Person as Administratrix of the Estate of Effie Wooten and as Plaintiff in this action.

In December 2008, the Attorney General filed a notice of intervention in the matter for the limited purpose of defending the constitutionality of Tennessee Code Annotated § 34-6-101, *et. seq.*, which Ms. Person challenged in her "Supplemental Brief in Support of Response to Motion to Dismiss, or in the Alternative, for Summary Judgment." In January 2009, the Attorney General filed a brief in the trial court responding to Ms. Petties' November 2007 assertion that section 34-6-203(a)(3) would be unconstitutional if applied to her case. On August 17, 2009, the trial court entered an order styled "ORDER DENYING DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT." The trial court incorporated its letter ruling dated July 23, 2009, into the August 17 order. Kindred Healthcare filed a notice of appeal to this Court on September 14, 2009.

### *Issues Presented*

Kindred Healthcare presents the following issue for our review:

Whether the trial court erred in declaring invalid the Durable Power of Attorney [that] Effie Wooten executed on August 28, 2003 naming her as attorney-in-fact her only child, Wendolyn Petties, thereby also invalidating the ADR Agreement signed by Ms. Wooten's attorney-in-fact.

### *Discussion*

Under Rule 13(b) of the Tennessee Rules of Appellate Procedure, we must begin our discussion by first determining whether we have jurisdiction to adjudicate this appeal. Subject matter jurisdiction concerns the authority of the court to hear a matter and cannot be waived. *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996). "Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990).

Rule 3(a) of the Tennessee Rules of Appellate Procedure provides, in relevant part:

In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Any trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right. The subject matter jurisdiction of this Court is limited to final orders, except as otherwise provided. *Bayberry Assocs.*, 783 S.W.2d at 559.

Tennessee Code Annotated § 29-5-319 permits an immediate appeal from an order denying an application to compel arbitration under § 29-5-303. It provides:

> (a) An appeal may be taken from:
>> (1) An order denying an application to compel arbitration made under § 29-5-303;
>> (2) An order granting an application to stay arbitration made under § 29-5-303(b);
>> (3) An order confirming or denying confirmation of an award;
>> (4) An order modifying or correcting an award;
>> (5) An order vacating an award without directing a re-hearing; and
>> (6) A judgment or decree entered pursuant to the provisions of this part.
> (b) The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action.

Tenn. Code Ann. § 29-5-319(2000).

Section 29-5-303 provides:

(a) On application of a party showing an agreement described in § 29-5-302, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the

determination of the issue so raised and shall order arbitration if found for the moving party; otherwise, the application shall be denied.

(b) On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. Such an issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration.

(c) If an issue referable to arbitration under the alleged agreement is involved in an action or proceeding pending in a court having jurisdiction to hear applications under subsection (a), the application shall be made therein. Otherwise and subject to § 29-5-318, the application may be made in any court of competent jurisdiction.

(d) Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this section or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay.

(e) An order for arbitration shall not be refused on the ground that the claim in issue lacks merit or bona fides or because any fault or grounds for the claim sought to be arbitrated have not been shown.

Tenn. Code Ann. § 29-5-303(2000).

In the jurisdictional statement section of its brief to this Court, Kindred Healthcare asserts that we have jurisdiction to adjudicate this appeal under section 29-5-319. Kindred Healthcare submits:

Although Appellants entitled the subject motion, "Motion to Dismiss, or in the Alternative, for Summary Judgment and to Stay All Proceedings Including Discovery," the only subject matter raised in the Motion concerned the enforcement of the Alternative Dispute Resolution Agreement ("ADR Agreement") Wendolyn Petties executed as attorney-in-fact for her mother, Effie Wooten. Appellants filed their motion pursuant to Rules 12.02(6) and 56 of the Tennessee Rules of Civil Procedure and the Uniform Arbitration Act, Tenn. Code Ann. § § 29-5-301, et. seq.

It asserts that, under *T.R. Mills Contractors, Inc. v. WRH Enterprises, LLC*, 93 S.W.3d 861 (Tenn. Ct. App. 2002), we should look not to the form of its motion to dismiss or in the alternative, for summary judgment, but to its substance. Kindred Healthcare quotes *T.R.*

*Mills* for the proposition that we should give "the broadest effect to the underlying policy of the Tennessee Rules of Appellate Procedure that mere technicality of form be disregarded in order to assure a just and speedy determination of proceedings on the merits."

We must disagree with Kindred Healthcare that matters relating to the determination of whether we have subject matter jurisdiction are mere technicalities. A court acting without subject matter jurisdiction acts without authority, and its orders are void. *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn.1996); *Shelby County v. City of Memphis*, 365 S.W.2d 291, 292 (Tenn. 1963).

In this case, as Kindred Healthcare observes in its brief, Kindred Healthcare filed its motion in the trial court pursuant to Rule 12.02(6), Rule 56, and Tennessee Code Annotated § 29-5-301, *et. seq*. Nowhere in its motion, however, did Kindred Healthcare move the court to stay the proceedings and to compel arbitration. Rather, Kindred Healthcare moved the court to limit discovery and to dismiss the complaint as "barred" by the alleged ADR agreement. It alternatively moved the court for an award of summary judgment. Similarly, the trial court's order denies the motion to dismiss or, in the alternative, for summary judgment.

As we previously have noted, the code provides that, upon granting a party's motion to compel arbitration, the trial court "shall" stay the action or proceeding involving the issue subject to arbitration. *Barclay v. Kindred Healthcare Operating, Inc.*, No. W2008-02828-COA-R3-CV, 2009 WL 2615821, at *2 (Tenn. Ct. App. Aug. 26, 2009); Tenn. Code Ann. § 29-5-303(d)(2000). Where other severable issues exist, the stay may be with respect only to the issue subject to arbitration. *Id.* Further, upon granting a motion to compel arbitration, the correct procedure in the trial court is to stay the matter pending arbitration and not to dismiss it. *Id.* (citing *Mitchell v. Kindred Healthcare Operating, Inc.*, No. W2008-01643-COA-R3-CV, 2009 WL 16846467, at *3 (Tenn. Ct. App. June 17, 2009); *Thompson v. Terminix Int'l Co.*, No. M2005-02708-COA-R3-CV, 2006 WL 2380598, at *3 (Tenn. Ct. App. Aug. 16, 2006); *M.R. Dillard Constr. v. J.P. Realty, II, Inc.*, No. M1999-01250-COA-R3-CV, 2000 WL 48497, at *1 (Tenn. Ct. App. Jan. 21, 2000)). Dismissal of the matter, making the trial court's judgment appealable as a final judgment under Rule 3 of the Tennessee Rules of Appellate Procedure, "'amounts to an end run around the statute.'" *Barclay*, 2009 WL 2615821, at *2 (quoting *Thompson*, 2006 WL 2380598, at *3).

There is no motion in this record praying the trial court to stay the proceedings and compel arbitration pursuant to Tennessee Code Annotated § 29-5-303, and there is no order in this record denying a motion made under section 29-5-303. We cannot agree with Kindred Healthcare that subject matter considerations involve technical matters that may be

disregarded by the Court. We also cannot agree that the legislature's narrowly carved exception to the final judgment requirements of the Tennessee Rules of Appellate Procedure may be broadened to encompass insufficient filings in the trial court.

### *Holding*

In light of the foregoing, this appeal is dismissed for lack of subject matter jurisdiction. Costs are taxed to the Appellant, Kindred Healthcare, Inc., and its surety, for which execution may issue if necessary.

_____

DAVID R. FARMER, JUDGE