**STATE of Tennessee, Appellee,**

v.

**Roger M. BELL, Appellant.**

Supreme Court of Tennessee,
at Knoxville.

Oct. 17, 1988.

Charles P. Dupree, Chattanooga, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Kathy M. Principe, Asst. Atty. Gen., Nashville, Thomas J. Evans, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

## SUPPLEMENTAL OPINION·

O'BRIEN, Justice.

This defendant was convicted of first degree murder and sentenced to death. He was also convicted of burglary and two (2) counts of felonious assault. At a prior term this Court affirmed the trial court judgments in every respect except for an issue charging error for failure to strike the venire or grant a mistrial because the State used its peremptory challenges to remove black persons from the petit jury.[1] This complaint was lodged on the basis of the decision in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). During the course of this trial the prosecutor exercised some of his peremptory challenges to remove jurors who were non-Caucasians, resulting in an all white jury. Two of those excused were persons of Negro origin. A third was a dark-complected man who was an hispanic migrant from the Dominican Republic. After the jury had been impanelled defense counsel challenged the selection process by the prosecution as a violation of the rule stated in *Batson*, supra. He took the position that the defense had made out a prima facie case of purposeful discrimination, thus shifting the burden to the State to explain adequately the racial exclusion. The trial judge held, that *Batson* did not apply under the facts in the case and denied the motion to strike or grant a mistrial. He did not make any finding on the threshold issue of whether the defendant was able to establish a prima facie case of purposeful discrimination in the selection of the petit jury.

This Court remanded the cause for a further hearing under the standards of *Batson*, based upon all relevant circumstances and evidence at the original trial, to determine whether there had been purposeful racial discrimination in the State's exercise of its peremptory challenges. We directed that defendant be given an opportunity to demonstrate a prima facie case. If the trial court found that he was successful in that endeavor he was to allow the State an opportunity to explain its reasons for the racial exclusion. In that event the judge was to determine if the defendant had established purposeful discrimination. In either case the trial judge was to make written findings of fact to be filed with the transcript of the hearing and then transmitted to this Court. This has now been accomplished and we proceed to a final hearing of the matter.

At the original trial, in a discussion of this issue, the trial judge indicated he was aware of the *Batson* requirements and was watching the jury selection process with concern for any discriminatory practice. It was his opinion at the time that the attorney general did not intentionally strike only black jurors. The State's counsel at trial argued that he had excluded no one because they were black. He recalled that one of the prospective jurors excluded by peremptory challenge had been acquainted with a defense witness and had some pretrial knowledge about the case. Another challenged member was an unmarried woman who had a child. He stated it was his experience that a person with that background would not be a very favorable juror. He did not recall why he had challenged juror No. 77, Mr. Linares, who was of Spanish descent.

This case was remanded on 25 January 1988. The remand hearing was set on 22 March 1988. Defense counsel was given the opportunity to establish a prima facie case of purposeful discrimination in selection of the petit jury in accordance with *Batson*. There is no question that defendant was a member of the black race as were all of the victims and the principal witnesses in the case. It is not disputed that the prosecutor exercised some of his peremptory challenges to remove members of the defendant's race from the venire. These facts were clearly established both at trial and at the subsequent remand hearing. The trial court considered the possibility that the exercise of peremptory challenges affords the opportunity for "those to discriminate who are of a mind to discriminate." An additional factor to be

---

1. See *State v. Bell*, 745 S.W.2d 858 (Tenn.1988).

weighed was if there were any other relevant circumstances to raise an inference that the prosecutor exercised peremptory challenges to exclude veniremen from the jury on account of their race.

At the remand hearing one of the cooperating trial counsel testified to substantiate the contention that they had made out a prima facie showing of improper removal of blacks from the jury at the original trial. He recalled that the venire from which the petit jury was selected included the smallest number of black persons he had ever seen on a venire panel. He remarked that it was counsel's intent to have some blacks on the jury because of the location of the offense, the race of the defendant and the various witnesses. He also noted that at the time of the jury selection some of the black persons voir dired were automatically excluded because of their unequivocal opposition to the death penalty. Others were excluded by peremptory challenge. One of these was a young female who came on the panel in one of the early rounds and was removed several rounds later. He also remembered the gentleman who had been born in the Dominican Republic who appeared to him to be black. A third witness knew some of the parties and some of the facts of the case.

At the conclusion of the evidentiary hearing the trial judge found that defendant had failed to demonstrate a prima facie case of racial discrimination in the State's exercise of its peremptory challenges. In his review of relevant circumstances he found there was no pattern of strikes against black jurors. He found nothing in the State's questions or statements during voir dire examination, or in the exercise of peremptory challenges, to support an inference of any purpose to discriminate along racial lines.

■ We have carefully examined the record of the trial proceedings as well as the transcript of the remand hearing. We agree with the trial court that defendant has failed to make out a prima facie case of purposeful discrimination by a showing that the totality of the relevant facts gave rise to an inference of discriminatory pur-

pose. Trial counsel engaged in a vigorous attempt to include black jurors on the petit jury panel for reasons outside the record. They were frustrated in this endeavor because of the unusually low number of blacks on the original venire from which the petit jury panel was selected. This Court held in our original opinion that there was absolutely no evidence in the record that there had been any exclusion of any cognizable or identifiable group, racial or otherwise, by virtue of the jury selection system employed in drawing the venire in this case.

The only positive fact established at trial or on the remand hearing was that the State had exercised five of its peremptory challenges to exclude jurors on the petit jury panel. Two of these were unquestionably Caucasians and two were inarguably of the Negro race. The fifth juror excused was Mr. Linares. Defense counsel's observation was that he was a member of the black race. The trial court was of the opinion that he did not have Negro features but that it was possible or probable he had some black ancestry. This fact notwithstanding, the prosecutor articulated a neutral explanation for his exclusion of two of the prospective jurors in question. He did not recall why Mr. Linares was challenged. The defendants were coordinating their peremptory challenges to their mutual advantage. The defense had seven (7) challenges remaining from a total of thirty (30) when the jury panel was filled. The State had eleven (11) challenges remaining. Defense counsel made it clear it was their plan to have a jury equally divided racially.

■ It is not unconstitutional, without more, to strike one or more blacks from the jury. If a defendant objects the judge may not require the prosecutor to respond at all. If he does, the prosecutor, who in most cases has had a chance to voir dire the prospective jurors, will have an opportunity to give trial related reasons for his strikes —some satisfactory ground other than the belief that black jurors should not be allowed to judge a black defendant. (See *Batson*, supra, 106 S.Ct. p. 1725, White,

Justice, concurring.) We are of the opinion that objections to the use of peremptory challenges should be contemporaneous, while the circumstances of the occurrence are fresh in the minds of all involved, so as to enable the trial judge to make an appropriate ruling. It was defense counsels' intent in this case, by use of their challenges, to stack the jury with as many members of defendant's race as possible. A defendant is no more entitled to a jury containing members of his race than is the State to engage in purposeful or deliberate racial exclusion by the use of peremptory challenges. Defendant was given an opportunity to demonstrate a prima facie case of discrimination. The trial court determined he had failed in that endeavor. That concludes the matter. *State v. Bell*, supra, p. 867.

The defendant's conviction of first degree murder and the sentence of death are affirmed. The death sentence will be carried out as provided by law on 15 January 1989, unless otherwise stayed or modified by appropriate authority. Costs are taxed to appellant.

HARBISON, C.J., and FONES, COOPER and DROWOTA, JJ., concur.