IN THE SUPREME COURT OF TENNESSEE
AT Knoxville
September 4, 2012 Session at Knoxville

## IN RE ESTATE OF INA RUTH BROWN

**Appeal by Permission from the Court of Appeals, Eastern Section**
**Chancery Court for Knox County**
**No. 61159-3     Michael W. Moyers, Chancellor**

_____

**No. E2011-00179-SC-R11-CV - Filed March 22, 2013**

_____

GARY R. WADE, C.J., concurring.

I concur in the majority opinion but write separately to comment upon the specific question presented in this appeal and the effect of our decision on prior Tennessee case law.

The primary issue upon which we granted review, as stated in the application for permission to appeal filed by the appellant, Rockford Evan Estes, is "[w]hether the [t]rial [c]ourt erred . . . by determining that [it] had subject matter jurisdiction to hear a [w]ill [c]ontest case based solely on a breach of contract argument." Estes' primary contention is that the trial court lacked subject matter jurisdiction not because of the untimeliness of the complaint, but because of the nature of the claim—the breach of a contract not to revoke a prior will.

At least two prior opinions of our Court of Appeals lend support to Estes' assertion. In Rogers v. Russell, the Court of Appeals "determined that a will contest proceeding is not the proper forum to assert . . . contractual rights," and further concluded that in a will contest, "the trial court does not have jurisdiction to entertain a claim based upon an alleged contract . . . not to alter or revoke a will." 733 S.W.2d 79, 83-84 (Tenn. Ct. App. 1986); see also id. at 85 ("The issues in a will contest proceeding . . . should not be obscured by issues that are not within the court's jurisdiction to decide."). Several years later, the Court of Appeals interpreted Rogers to "stand[] for the proposition that a claim for breach of contract not to revoke a will, *however it is styled*, must be filed in probate court, must be timely filed, and must satisfy the procedural requirements [for asserting a claim against an estate]." In re Estate of Cook, No. E2004-00293-COA-R3-CV, 2004 WL 3021131, at *7 (Tenn. Ct. App. Dec. 30, 2004).

Relying primarily upon Junot v. Estate of Gilliam, 759 S.W.2d 654, 655-56 (Tenn.

1988), the majority concludes that a party may bring a cause of action for breach of a contract not to revoke a prior will in three ways: as a claim against an estate, an action for specific performance, or a claim in a will contest. I believe that to be an entirely appropriate assessment; however, because this conclusion cannot be reconciled with the holdings of Rogers and In re Estate of Cook, I would favor explicitly overruling those cases.

_____
GARY R. WADE, CHIEF JUSTICE