# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 14, 2013

## STATE OF TENNESSEE v. SHIRLEY MASON

**Appeal from the Circuit Court for Bedford County**
**No. 17322      Lee Russell, Judge**

---

**No. M2012-01891-CCA-R3-CD - Filed August 14, 2013**

---

The defendant, Shirley Mason, appeals her Bedford County Circuit Court jury conviction of the sale of less than .5 grams of a substance containing cocaine base, claiming that racial discrimination tainted the jury selection process in her case and that the trial court erred by refusing to strike the State's notice seeking enhanced punishment. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Alicia Napier, Shelbyville, Tennessee, for the appellant, Shirley Mason.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Charles Crawford, District Attorney General; and Richard A. Cawley, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant did not file a complete transcript of her trial as part of the record on appeal, but we glean the substance of her offense from that portion of the transcript included in the appellate record. At the defendant's trial, David Bell testified that he had known the defendant and her brother, James Mason, for more than 30 years. On May 4, 2011, the siblings came to his house to try to sell him crack cocaine. Mr. Bell said that his friend John Harris, who lived with him at the time, asked Mr. Bell to obtain crack cocaine for him. Mr. Bell said that he telephoned Mr. Mason, who had telephoned Mr. Bell on a previous occasion and asked Mr. Bell to help him "get rid of" some crack cocaine. Mr. Bell

testified that after the defendant and her brother arrived at his residence, he got into the car with them. He said that he gave Mr. Mason $100, and the defendant, who was in the driver's seat, gave him crack cocaine. Mr. Mason then gave Mr. Bell another bag containing "a handful" of crack cocaine "crumbs" as a reward for bringing his business to Mr. Mason. After obtaining the cocaine, Mr. Bell went inside his house and gave it to Mr. Harris.

Mr. Bell testified that he did not know that Mr. Harris was working in conjunction with the drug task force. Mr. Bell identified himself, the defendant, and her brother from a video recording of the drug transaction.

During cross-examination, Mr. Bell acknowledged that he had been charged for his role in the drug transaction and stated that he hoped "to be getting some consideration" in exchange for his testimony.

Shelbyville Police Department and 17th Judicial District Drug Task Force Officer Shane George testified that on May 4, 2011, he followed Mr. Mason's car as it traveled from Mr. Mason's residence to Mr. Bell's residence. He then followed the car as it left Mr. Bell's residence and eventually effectuated a stop of the vehicle. According to Officer George, Mr. Mason was driving the car, and the defendant was a passenger. Officer George discovered cash in Mr. Mason's pocket during a search of his person and identified in the cash the $100 provided to the confidential informant for the purchase of crack cocaine.

Officer George testified that he provided the defendant and Mr. Mason with *Miranda* warnings and that the defendant agreed to be interviewed. After he had separated the defendant from Mr. Mason, the defendant told Officer George that she had traveled with Mr. Mason to Mr. Bell's residence for the purpose of selling crack cocaine. She admitted that she sold $100 worth of crack cocaine to Mr. Bell and $30 worth of crack cocaine to Alfonzo Snipes while at Mr. Bell's residence. The defendant told Officer George that she agreed to act as a middle man in the transaction in exchange for crack cocaine for her own personal use.

The jury convicted the defendant as charged of the sale and delivery of less than .5 grams of cocaine, and the trial court merged the jury verdicts into a single conviction, for which it imposed a Range II sentence of nine years' incarceration. Following the denial of her timely but unsuccessful motion for new trial, the defendant filed a timely notice of appeal.

In this appeal, the defendant contends that the State exercised a peremptory challenge to excuse a potential juror "who was fairly light skinned but could possibly have been of the same race as" the defendant in the absence of "any legitimate purpose." She says

that because that juror did not provide any response during voir dire that would have occasioned his being excused, "the purpose for excusing him was racially motivated." The defendant also asserts that the trial court erred by denying her motion to strike the State's notice seeking enhanced punishment. Specifically, she contends that the notice should have been stricken because it was filed less than 10 days before the scheduled trial date. She admits, however, that the trial was continued for other reasons. The State contends that the defendant has waived our consideration of both these issues by failing to file an adequate record on appeal.

That portion of the transcript made part of the appellate record does not include the trial court's ruling on the defendant's motion to strike the enhanced sentencing notice, the trial court's order continuing the defendant's trial from March to May 2012,[1] the voir dire of the jury, or the sentencing hearing. The appellant bears the burden of preparing an adequate record on appeal. *See State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993). If the appellant fails to file an adequate record, this court must presume the trial court's rulings were correct. *See State v. Richardson*, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993). Without the transcripts outlined above, we cannot evaluate either the defendant's claim of racial discrimination during the jury selection process or the trial court's refusal to strike the enhanced sentencing notice. As such, we must presume that the trial court ruled correctly with regard to both issues.

Additionally, the defendant apparently waived her claim regarding jury selection by failing to contemporaneously challenge the State's use of its peremptory challenge. *See State v. Bell*, 759 S.W.2d 651, 654 (Tenn. 1988) (holding that "objections to the use of peremptory challenges should be contemporaneous, while the circumstances of the occurrence are fresh in the minds of all involved, so as to enable the trial judge to make an appropriate ruling"); *see also* Tenn. R. App. P. 36(b) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."); *see also State v. Killebrew*, 760 S.W.2d 228, 235 (Tenn. Crim. App. 1988) (waiver applies when the defendant fails to make a contemporaneous objection); *State v. Jenkins*, 733 S.W.2d 528, 532 (Tenn. Crim. App. 1987); *State v. Rhoden*, 739 S.W.2d 6, 11-12, 18 (Tenn. Crim. App. 1987). In any event, the defendant does not mention in her brief any contemporaneous challenge to the jury or the ruling of the trial court on any such objection.

---

[1] We note that the continuance of the defendant's trial for nearly two months likely cured any issue arising from the late-filing of the enhanced sentencing notice. *See* Tenn. R. Crim. P. 12.3, Advisory Comm'n Cmts ("[T]he [S]tate may provide notice in less than ten (10) days but the defendant is entitled to a continuance to rechart a course of action. If the defendant does not request a continuance, the written notice shall be valid.").

She also waived our consideration of this issue by failing to raise the issue in her motion for new trial.  *See* Tenn. R. App. P. 3(e) ("[I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in . . . [any] ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived."); *see also State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997) (holding that a defendant relinquishes the right to argue on appeal any issues that should have been presented in a motion for new trial but were not raised in the motion); *State v. Dodson*, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989).

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE