COUNTY OF SHELBY et al.

*v.*

CITY OF MEMPHIS et al.

365 S. W. 2d 291.

(*Nashville,* December Term, 1962.)

Opinion filed February 7, 1963.

R. LEE WINCHESTER, JR., Memphis, for appellants.

FRANK B. GIANOTTI, JR., City Attorney, DAVID L. SIMPSON, Assistant City Attorney, Memphis, JACK PETREE, E. BRADY BARTUSCH, Memphis, GEORGE F. McCANLESS, Attor-

ney General, DAVID M. PACK, Assistant Attorney General, Nashville, for appellees.

MR. CHIEF JUSTICE PREWITT delivered the opinion of the Court.

This is a suit under the Declaratory Judgments Act (T.C.A. sec. 23-1102 et seq.) for the construction of the provisions of Chapter 343 of the Private Acts of 1961.

The defendant, City of Memphis, filed an answer. The remaining defendants filed demurrers. Neither the answer nor the demurrers raise the question of the jurisdiction of the Chancery Court at Nashville to hear and determine this case.

This Court, sua sponte, is forced to reverse and dismiss this case for the reason that the Chancery Court at Nashville had no jurisdiction of the subject matter, nor of the defendant, City of Memphis, and any order entered by that Court or by this Court passing upon matters presented in the pleadings would be of no force or effect.

In the case of *Mayor and City Council of Nashville v. Webb et al.,* 114 Tenn. 432, 85 S.W. 404, we said that the Courts of our State had no jurisdiction of local actions brought in the wrong county and consent cannot give jurisdiction. Webb brought suit in the Circuit Court of Wilson County against the N. C. & St. L. Railway Company and Louisville & Nashville Railway Company and the City of Nashville. Service of process was had on the two defendant Railroad Companies and counterpart process was issued to Davidson County and served upon the Mayor of the City of Nashville. The City did not enter its appearance in the cause, or make any defense to the action with the result that a judgment by default was entered in the amount of $4,000.00.

The City of Nashville then brought suit in the Chancery Court at Nashville to enjoin the execution of said judgment. In deciding this case the Court said: "* * * actions against municipal corporations are inherently local. These bodies cannot change their situs or their place of abode. They cannot remove from one place to another, and sojourn for a time at this point or that. They remain stationary; hence they must be sued where they are found—that is, in the county of their location."

The Court further said:

"It is perfectly obvious that a local action could not be turned into a transitory one, or one in effect transitory, by the device of uniting another person in the action, and by serving process on that person in the county in which it was desired to begin the litigation, and then issuing a counterpart writ to the locality of a defendant who could not otherwise be affected, save by an action brought in the latter county."

■■ We, therefore, hold, as the *Nashville v. Webb* case did, that a judgment rendered against a municipal corporation in a suit brought against it in a county other than that of its location is void.

■ In the case of *In re Southern Lumber & Mfg. Co. (New River Lumber Co. v. Tennessee Ry. Co. et al.),* 141 Tenn. 325, 329, 210 S.W. 639, 640, it is stated:

"It is well settled that, when the court has no jurisdiction of the subject-matter, it cannot be conferred either by waiver or consent, and all of its orders and decrees are a nullity, and may be collaterally attacked, Gibson's Suits in Chancery (New) par. 290; *Agee v. Dement,* 1 Humph. 332; *White v. Buchanan,* 6 Cold. 32; *Noel v. Scoby,* 2 Heisk. 20; *Ferris v. Fort,* 2 Tenn.Ch. [147] 150; *Board v. Bodkin Bros.,* 108 Tenn. 700, 69 S.W. 270; *Baker v. Mitchell,* 105 Tenn. 610, 59 S.W. 137."

For the foregoing reasons, this case has to be reversed and dismissed.