# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
July 8, 2014 Session

## ROADWAY EXPRESS, INC. v. SAMMY T. ROBERTSON

**Appeal from the Circuit Court for Bradley County**
**No. V13615      J. Michael Sharp, Judge**

---

### No. E2013-02797-COA-R3-CV-FILED-SEPTEMBER 26, 2014

---

This appeal arises from an award granted as part of a workers' compensation claim. Roadway Express, Inc. ("Roadway") sued Sammy T. Robertson ("Robertson") in the Circuit Court for Bradley County ("the Trial Court"). The Trial Court previously had ordered Roadway to pay for certain medical treatment for Robertson. Roadway made the payments and appealed the Trial Court's decision. The Tennessee Supreme Court Special Workers' Compensation Appeals Panel vacated the Trial Court's order granting this award, and Roadway then sought reimbursement from Robertson. Robertson filed a motion to dismiss, arguing that this action was governed by workers' compensation laws and there was no mechanism for reimbursement available to Roadway. The Trial Court dismissed the suit. Roadway appeals. Without reaching any conclusions about any other possible redress Robertson may have under Tennessee's workers' compensation laws, we hold that the Trial Court had subject matter jurisdiction in Roadway's suit seeking reimbursement and, therefore, erred in granting Robertson's motion to dismiss. We reverse the Trial Court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and THOMAS R. FRIERSON, II, J., joined.

Stephen K. Heard and Adam O. Knight, Nashville, Tennessee, for the appellant, Roadway Express, Inc.

Robert G. Norred, Jr., Cleveland, Tennessee, for the appellee, Sammy T. Robertson.

# OPINION

## Background

This case has its origins in a workers' compensation claim. Robertson, a Roadway worker, filed a workers' compensation claim related to a 2005 injury. The parties reached a settlement in 2008. Under the settlement, Robertson was granted lifetime future authorized medical treatment pursuant to Tenn. Code Ann. § 50-6-204.

At one point, Robertson sought to have a surgical procedure performed on his lumbar spine. Robertson went through a utilization review process regarding the procedure. The utilization review physician ruled that the procedure was not warranted at that time. Robertson appealed this ruling to the Tennessee Department of Labor Medical Director. The Director ratified the decision of the utilization review physician.

Robertson filed a petition in the Trial Court seeking to compel Roadway to pay for the surgical procedure. Roadway responded, arguing that all administrative remedies had not yet been exhausted as required. The Trial Court ruled in favor of Robertson and ordered Roadway to pay for the procedure. Roadway complied with the Trial Court's order, and the total amount ultimately paid towards Robertson's treatment came to $152,511.59. In the meantime, Roadway appealed the Trial Court's order to the Tennessee Supreme Court Special Workers' Compensation Appeals Panel. The Panel, in vacating the Trial Court's order, concluded as follows:

> In sum, we conclude that, based on statutory provisions and rules noted herein, parties are required to exhaust the benefit review conference process as a condition precedent to filing suit. It is undisputed that a request for a benefit review conference was not filed in this case. The benefit review process was never initiated and, therefore, was never exhausted; consequently, the trial court did not have subject matter jurisdiction to hear the case, and Employee's petition should be dismissed.

*Robertson v. Roadway Exp., Inc.*, No. E2011-01384-WC-R3-WC, 2012 WL 2054170, at *7 (Tenn. Workers Comp. Panel June 8, 2012).

In August 2013, Roadway filed the instant suit seeking reimbursement for the sums that it had paid for Robertson's procedure as required by the Trial Court's earlier invalid order. Robertson filed an answer and counterclaim. Robertson also filed a motion to dismiss, stating in part that he sought "a determination that the trial court lacks subject matter jurisdiction to provide some type of repayment under the Tennessee Workers'

-2-

Compensation Act since the parties have not exhausted or initiated the benefit review process." Roadway argued in response that their suit did not sound in workers' compensation but rather was a common law action for reimbursement of sums paid under an erroneous court order. In November 2013, the Trial Court entered an order granting Robertson's motion to dismiss. In its order, the Trial Court stated the following:

> This cause came on to be heard before the Honorable Michael Sharp on October 4, 2013, upon the Defendant Sammy T. Robertson's Motion to Dismiss. After argument of counsel, the Court finds that the Plaintiff's Complaint falls within the Tennessee Workers' Act and that the parties have to submit to a Benefit Review Conference prior to the filing of this complaint. Therefore, since the parties have not submitted to a Benefit Review Conference prior to the filing of the Complaint, it is hereby ORDERED, ADJUDGED AND DECREED that the Defendant's motion to dismiss shall be granted and the Plaintiff's Complaint and Defendant's Counterclaim shall be dismissed without prejudice with the Clerk's costs taxed to the Plaintiff for which execution may issue.

Roadway timely appealed to this Court.

**Discussion**

Although not stated exactly as such, Roadway raises one issue on appeal: whether the Trial Court erred in dismissing Roadway's complaint for reimbursement of sums paid towards Robertson's medical treatment as ordered by the Trial Court when the Trial Court lacked subject matter jurisdiction to order Roadway to pay these sums.

The Trial Court granted Robertson's motion to dismiss on the basis that this action sounded in workers' compensation law and that, as the parties had not submitted to a Benefit Review Conference, the complaint should be dismissed. This implicates subject matter jurisdiction. In *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000), our Supreme Court set forth the standard of review when reviewing a motion to dismiss based on lack of subject matter jurisdiction. The Court stated:

> A motion to dismiss for lack of subject matter jurisdiction falls under Tennessee Rule of Civil Procedure 12.02(1). The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. *See Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Standard Sur. & Casualty Co. v. Sloan*, 180 Tenn. 220, 230, 173 S.W.2d 436, 440 (1943). Subject matter jurisdiction

-3-

involves the nature of the cause of action and the relief sought, *see Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994), and can only be conferred on a court by constitutional or legislative act. *See Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Computer Shoppe, Inc. v. State*, 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989). Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness. *See Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

*Northland Ins. Co.*, 33 S.W.3d at 729.

As shown above, the Tennessee Supreme Court Special Workers' Compensation Appeals Panel vacated the order requiring Roadway to pay for Robertson's procedure. In so doing, the Panel held that the Trial Court lacked subject matter jurisdiction. We previously have discussed the significance of subject matter jurisdiction:

A court must have jurisdiction over the subject matter of the proceeding as well as over the parties. *State ex rel. Whitehead v. Thompson*, No. 01A01-9511-CH-00538, 1997 WL 749465 at *2 (Tenn. Ct. App. Dec. 5, 1997). The question of subject matter jurisdiction relates to a court's power to adjudicate a particular type of controversy. *Toms v. Toms*, 98 S.W.3d 140, 143 (Tenn. 2003); *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). Subject matter jurisdiction "relates to the nature of the cause of action and the relief sought" and "is generally defined by the constitution or statute and conferred by the authority that organizes the courts." *Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977). The parties cannot confer subject matter jurisdiction on a court by either appearance, plea, consent, silence, or waiver. *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). A court cannot enter a valid, enforceable order without subject matter jurisdiction. *Brown v. Brown*, 198 Tenn. 600, 610, 281 S.W.2d 492, 497 (1955); *SunTrust Bank v. Johnson*, 46 S.W.3d 216, 221 (Tenn. Ct. App. 2000). Accordingly, when subject matter jurisdiction is questioned the court must first determine the nature of the case and then ascertain whether the Tennessee Constitution, the General Assembly, or the common law have conferred on it the power to adjudicate its cases. *Staats v. McKinnon*, 206 S.W.3d 541 at 542 (Tenn. Ct. App. 2006). Subject matter jurisdiction may be raised at any time by the parties or by the appellate court *sua sponte* on appeal. *County of Shelby v. City of Memphis,* 211 Tenn. 410, 365 S.W.2d 291 (Tenn. 1963).

*Graham v. Graham*, No. E2008-00180-COA-R3-CV, 2009 WL 167071, at *6 (Tenn. Ct. App. Jan. 26, 2009), *no appl. perm. appeal filed*.

Thus, lacking subject matter jurisdiction, the Trial Court could not and did not enter a valid order when it ordered Roadway to pay for Robertson's procedure. Necessarily, the award, like the order granting it, is invalid. The question now confronting us is whether there is any mechanism for Roadway to be reimbursed. Our Supreme Court, in a factually distinct case but one nevertheless containing a relevant principle, stated:

Similarly, National's contention that allowing a trial court to initiate temporary benefits is a violation of National's due process rights is also without merit. National asserts that, since it would have no recourse to obtain any monies wrongfully paid, allowing the trial court to initiate temporary benefits deprives National of its property without a trial on the merits of the claim, in violation of the Due Process Clauses of the Tennessee and United States Constitutions. We are not persuaded by this argument. As we previously stated, *a trial court can order the employee to reimburse any funds that were improperly paid to the employee*. Therefore, any due process argument fails because an employer does, in fact, have recourse should the court later determine that the claimant did not suffer a compensable injury.

*McCall v. National Health Corp.*, 100 S.W.3d 209, 213 (Tenn. 2003) (emphasis added).

Our Supreme Court in *McCall* acknowledged favorably the proposition that trial courts may order an employee to reimburse his or her employer when the employee was wrongly paid funds by that employer. The Trial Court lacked subject matter jurisdiction to grant Robertson the award in the first place. This being so, we hold that the Trial Court did have subject matter jurisdiction in Roadway's suit seeking reimbursement and, therefore, erred in granting Robertson's motion to dismiss.

While the background of this case is in workers' compensation, the instant case simply is about the recovery of funds wrongly paid out pursuant to an invalid and unenforceable order. We do not make any determination about any other possible relief Robertson may have or seek under Tennessee's workers' compensation law. We hold only that, under the principle articulated by our Supreme Court in *McCall*, the Trial Court did have subject matter jurisdiction in Roadway's suit seeking to be reimbursed for the money it paid pursuant to an award granted by a court lacking subject matter jurisdiction to grant the award. We reverse the Trial Court's order granting Robertson's motion to dismiss, and remand this case to the Trial Court for further proceedings consistent with this Opinion.

-5-

## **Conclusion**

The judgment of the Trial Court is reversed, and this cause is remanded for further proceedings consistent with this Opinion.  The costs on appeal are assessed against the appellee, Sammy T. Robertson.

_____
D. MICHAEL SWINEY, JUDGE