

**FILED**

**April 30, 2018**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:30 A.M.**

**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Sarah Love | ) | Docket No.  2015-07-0195 |
| | ) | |
| v. | ) | State File No.  55816-2015 |
| | ) | |
| Delta Faucet Company, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

---

**Affirmed and Remanded – Filed April 30, 2018**

---

In this second interlocutory appeal of this case, the employer challenges the trial court's decision to grant a continuance.  The employee filed a motion asserting she needed more time to, among other things, depose a medical expert.  The trial court granted the motion and extended previously set discovery deadlines, along with the trial date.  The employer has appealed, contending that the trial court abused its discretion in granting the continuance.  The employee maintains the appeal should be dismissed because an order that does not address disability or medical benefits is not appealable.  We hold that this appeal is properly before us and that the trial court did not abuse its discretion in granting a continuance.  The trial court's decision is affirmed and the case is remanded.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge Timothy W. Conner, and Judge David F. Hensley joined.

Hailey H. David, Jackson, Tennessee, for the employer-appellant, Delta Faucet Company

Julie A. Reasonover, Nashville, Tennessee, for the employee-appellee, Sarah Love

**Factual and Procedural Background**

This case was before us some eighteen months ago when Delta Faucet Company ("Employer") challenged the trial court's award of medical and temporary disability benefits to Sarah Love ("Employee") pending a trial.  *See Love v. Delta Faucet Co.*, No. 2015-07-0195, 2016 TN Wrk. Comp. App. Bd. LEXIS 45 (Tenn. Workers' Comp. App. Bd. Sept. 19, 2016).  We affirmed the trial court's initiation of benefits.  Two years and

1

two appeals after this claim was filed, the parties are still wrangling over discovery. Against that backdrop, we relate only the circumstances necessary to resolve this appeal.

Employee was working for Employer when she alleged an injury to her right shoulder as a result of lifting a tray of parts at work. The trial court entered a scheduling order setting deadlines for discovery and medical proof, as well as a mediation cut-off date of September 1, 2017. The parties scheduled their mediation for August 21, 2017.

On June 30, 2017, the trial court entered an order allowing Employee's counsel to withdraw, and Employee proceeded for a time in a self-represented capacity. On August 16, 2017, the trial court, in response to Employee's motion, entered an order continuing the August 21, 2017 mediation and encouraged Employee to seek new counsel.

Following a status hearing, the trial court entered a modified scheduling order extending the deadline to take medical proof to January 5, 2018, and scheduling the trial for February 6, 2018. The trial court entered a second amended scheduling order setting post-discovery mediation for January 18, 2018.

In the interim, Employee retained new counsel and, upon counsel's request on January 17, 2018, the trial court rescheduled mediation from January 18, 2018 to February 1, 2018. On January 18, 2018, Employee filed a "Motion to Continue Compensation Hearing Date, Lay Witness and Expert Witness Deadlines." As grounds for the motion, Employee asserted that she was unaware of the scheduling order deadlines, that depositions of a medical expert and lay witnesses were necessary, and that she needed to determine why the authorized physician assigned a permanent impairment rating more than six months before Employee reached maximum medical improvement. The trial court directed the parties to proceed with the February 1 mediation and advised them it would address the merits of the motion to continue should mediation prove unsuccessful.

The parties were unable to resolve the case at mediation and, on February 5, 2018, the trial court granted Employee's motion to continue. Employer has appealed.

## Standard of Review

A trial court's decision to grant or deny a request for a continuance is reviewed under an abuse of discretion standard. *See, e.g.*, *Liberty Mut. Ins. Co. v. Friendship Home Health Agency, LLC*, No. M2007-02787-COA-R3-CV, 2009 Tenn. App. LEXIS 262, at *8 (Tenn. Ct. App. Mar. 19, 2009). An appellate court may "find an abuse of discretion only if the [trial] court 'applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party.'" *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011). In reviewing a trial court's

2

exercise of discretion, we presume the trial court was correct and consider the evidence in a light most favorable to upholding the decision. *Lovlace v. Copley*, 418 S.W.3d 1, 16-17 (Tenn. 2013). "[W]e will not substitute our judgment for that of the trial court merely because we might have chosen another alternative." *Johnson v. Walmart Assocs., Inc.*, No. 2014-06-0069, 2015 TN Wrk. Comp. App. Bd. LEXIS 18, at *17 (Tenn. Workers' Comp. App. Bd. July 2, 2015). That said, such decisions "require a conscientious judgment, consistent with the facts, that takes into account the applicable law." *White v. Beeks*, 469 S.W.3d 517, 527 (Tenn. 2015).

## Analysis

### *Subject Matter Jurisdiction*

As an initial matter, we address Employee's assertion that the trial court's decision to grant a continuance is not appealable and, therefore, this appeal should be dismissed for lack of subject matter jurisdiction. The premise of Employee's argument is that an order resolving a motion to continue is not an interlocutory order denying temporary disability or medical benefits as defined by Tenn. Comp. R. & Regs. 0800-02-21-.02(15) (2016) and, as such, the order is not appealable.[1] We disagree that such an order is not appealable.

It is well-established that questions regarding a court's subject matter jurisdiction address the court's "lawful authority to adjudicate a controversy brought before it . . . and, therefore, should be viewed as a threshold inquiry." *Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012). A court derives its subject matter jurisdiction from the Tennessee Constitution or from statutes, *Staats v. McKinnon*, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006), as opposed to conduct or agreement of the parties, *Shelby County v. City of Memphis*, 365 S.W.2d 291, 292 (Tenn. 1963). In the absence of subject matter jurisdiction, orders entered by a court are invalid and unenforceable. *Suntrust Bank v. Johnson*, 46 S.W.3d 216, 221 (Tenn. Ct. App. 2000).

Mindful of these principles, we turn to the pertinent statutes. The 2013 Workers' Compensation Reform Act fundamentally altered the manner in which cases involving work-related injuries are resolved, such as divesting the state's traditional trial courts of jurisdiction and creating new courts to resolve workers' compensation disputes. The Reform Act also introduced less visible, but no less important, changes to the law. One of those changes was to make pre-trial interlocutory orders appealable as of right. *See* Tenn. Code Ann. § 50-6-217(a)(1)-(2)(A) (2017). Prior law permitted a party aggrieved by an interlocutory order to seek a discretionary appeal under Rules 9 and 10 of the

---

[1] Tenn. Comp. R. & Regs. 0800-02-21-.02(15) provides that "[a]n interlocutory order is an order by a workers' compensation judge that awards or denies temporary disability or medical benefits following a review of the submitted material, or a hearing if one is convened at the discretion of the workers' compensation judge, as a result of a motion for expedited hearing."

Tennessee Rules of Appellate Procedure, but it was up to the appellate court to determine whether to grant review. By contrast, current law provides no mechanism for an appeal to this Board other than an appeal as of right. *See* Tenn. Code Ann. § 50-6-217; *see also* Tenn. Comp. R. & Regs. 0800-02-22-.01(1) (2018) ("Any party may appeal any order of a workers' compensation judge by filing a notice of appeal."). Thus, if an appeal is properly perfected, we are compelled by statutory mandate to resolve it.

An interlocutory order is one "that relates to some intermediate matter in the case" and is "any order other than a final order." Black's Law Dictionary (10th ed. 2014).[2] In a prior case, *Yarbrough v. Protective Services Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016), we addressed whether an interlocutory order that does not address disability or medical benefits is a type of order that may be appealed. We held in the affirmative, explaining:

> The answer to this important question can be found in the plain language of Tennessee Code Annotated section 50-6-217(a)(1). That statute expressly vests this Board with the authority to "review interlocutory and final orders entered by workers' compensation judges." The statute contains no language either limiting the type of order a party may appeal, so long as the order is "interlocutory" or "final," or purporting to limit the authority of this Board to resolve only certain types of appeals involving interlocutory and final orders.

*Id.* at *8-9. We also noted that, although the statute differentiates between review of interlocutory orders in section 50-6-217(a)(2)(A) and the review of compensation orders in section 50-6-217(a)(2)(B), none of these statutory provisions contains language precluding review of certain types of orders. *Id.* at *9. Ultimately, we concluded in *Yarbrough* that a party may appeal an interlocutory order other than one granting or denying medical or disability benefits. *Id.* at *9-10. Indeed, Tenn. Comp. R. & Regs. 0800-02-22-.01(1) makes clear that a "party may appeal *any* order of a workers' compensation judge by filing a notice of appeal." (Emphasis added.). Accepting Employee's position that orders like the one involved here are beyond the purview of appellate review would require us to read a limitation into section 50-6-217 that is not there. This we cannot do. *See Keen v. State*, 398 S.W.3d 594, 604 (Tenn. 2012) ("The Court will decline to 'read in' language into [a] statute that the General Assembly did not place there.").

Accordingly, we conclude that this appeal is properly before us and decline to dismiss it. *See also Wright v. Cookeville Reg'l Med. Ctr.*, No. 2015-04-0181, 2017 TN

---

[2] By contrast, a final order or judgment is one that resolves all the issues in the case, leaving nothing else for the trial court to do. *Rucker v. Flexible Staffing Sols. of Tenn.*, No. 2015-02-0126, 2016 TN Wrk. Comp. App. Bd. LEXIS 23 (Tenn. Workers' Comp. App. Bd. May 13, 2016).

Wrk. Comp. App. Bd. LEXIS 19, at *6 (Tenn. Workers' Comp. App. Bd. Mar. 8, 2017) (appeal of an order challenging the grant of a motion to continue). However, before leaving this issue, we reiterate "that today's decision should not be viewed as license to appeal pre-trial orders merely because that option exists," as "parties should not be required to endure the hassle and expense of baseless litigation." *Yarbrough*, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *10. "Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success. Indeed, appellate courts, including this one, are empowered to award damages against parties whose appeals are frivolous or brought solely for delay." *Id.* at *11; *see also* Tenn. Comp. R. & Regs. 0800-02-22-.04(6).

### The Continuance

Having determined that this appeal is properly before us, we turn to the merits of Employer's argument that the trial court abused its discretion in granting Employee's motion to extend the deadline for taking medical proof. Employer faults the trial court's decision to extend the deadline on two grounds: (1) the court made no finding of extraordinary circumstances in granting the extension, and (2) Employee failed to show extraordinary circumstances to warrant an extension of time.[3] We are not persuaded.

The law is clear that trial courts have wide discretion when deciding whether to grant or deny a motion for a continuance. *Wright*, 2017 TN Wrk. Comp. App. Bd. LEXIS 19, at *6. In resolving such a motion, the court should consider: (1) the amount of time the proceedings have been pending, (2) the reasons for the continuance, (3) the diligence of the party seeking the continuance, and (4) the prejudice to the requesting party if the continuance is not granted. *Id.* The law is also clear that appellate courts will not second-guess a trial court's decision on a motion to continue unless the record, reviewed as a whole, shows an abuse of discretion. *Id.* The decision to grant or deny a motion to continue is fact-specific, and such motions should be considered in the context of the totality of the circumstances. *Id.*

In prior cases, we have observed that a trial court has "discretion in controlling the pace of litigation and in efficiently disposing of its cases." *Smith v. The Newman Grp., LLC*, No. 2015-08-0075, 2015 TN Wrk. Comp. App. Bd. LEXIS 30, at *9 (Tenn.

---

[3] Tenn. Comp. R. & Regs. 0800-02-21-.16(5) (2016) provides, in pertinent part, that "[a]bsent *extraordinary circumstances* to be determined at the discretion of the workers' compensation judge, no scheduled hearing may be continued to provide a party additional time to secure deposition testimony." (Emphasis added.) By contrast, a motion to continue a trial date must be supported by "good cause." *See* Tenn. Comp. R. & Regs. 0800-02-21-.13(4) (2016) ("[t]he date of the compensation hearing shall not be modified without permission from the presiding judge based on a finding of good cause"). *See also* Court of Workers' Compensation Claims Practices and Procedures, Section 2.02(B) ("Absent a showing of good cause as determined by the Judge, the date of the . . . Compensation Hearing shall not be modified.").

Workers' Comp. App. Bd. Sept. 21, 2015); *see also Valladares v. Transco Prods., Inc.*, Nos. 2015-01-0117 & -0118, 2016 TN Wrk. Comp. App. Bd. LEXIS 31, at \*26 (Tenn. Workers' Comp. App. Bd. July 27, 2016) ("[A] trial court has the necessary discretion to control the pace of litigation through the use of case supervision and docket management," but "such discretion is not without its limits."). Such discretion encompasses a trial court's decision to grant or deny a motion to continue and, as such, the court's decision will be disturbed on appeal only upon a showing that the court's decision "applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused injustice to the party complaining." *Hubbard v. Sherman-Dixie Concrete Indus.*, No. E2010-02219-WC-R3-WC, 2011 Tenn. LEXIS 965, at \*11 (Tenn. Workers' Comp. Panel Oct. 18, 2011).

In the present case, Employee filed her motion to continue on January 18, 2018, asking the trial court to set new deadlines for discovery and for taking medical proof. She also requested a continuance of the February 6, 2018 trial date. Employer opposed the motion, arguing Employee had not shown good cause to delay the trial date or extraordinary circumstances to extend the deadline to obtain medical proof. Employer claimed the delay was due to (1) Employee's failure to promptly obtain new counsel, and (2) her new attorney's "lack of diligence" in determining the status of the case. The trial court granted the continuance, finding Employee's need for more time constituted good cause to continue the trial date. Employer contends the trial court should have also made a finding of extraordinary circumstances to justify its extension of deadlines to take depositions as contemplated by Rule 0800-02-21-.16(5).

It is true the trial court made no express findings with respect to whether extraordinary circumstances existed to justify the extension of discovery deadlines and, had it done so, this appeal may have been avoided. The court did find that Employee had established good cause for a continuance because, according to the trial court, "fundamental fairness allows the parties to develop their medical proof." Based on this record, we find no abuse of discretion in granting Employee's motion for a continuance.

The trial court's order granting the continuance reflects that Employee's reasons for requesting a continuance were not limited to the deposition of her medical expert, and the court disagreed with Employer's contention that the delay resulting in the need for a continuance was due to Employee's lack of diligence. Moreover, the trial court accredited the statements of Employee's counsel that she was unaware the scheduling order was in place at the time she was retained. The trial court also found that Employee's lawyer had exercised appropriate diligence by "obtain[ing] an independent evaluation of [Employee], attempt[ing] to schedule that expert's deposition, and submit[ting] a settlement demand to [Employer] *before* moving for this continuance."

Considering the totality of the circumstances, we have no difficulty finding that the trial court did not abuse its discretion in granting Employee's request for a

6

continuance. We do, however, encourage trial judges to make express findings in light of the extraordinary circumstances standard as reflected in Rule 0800-02-21.-16(5) when deciding whether to grant additional time to take depositions.

## Conclusion

For the foregoing reasons, we hold that this appeal is properly before us. Accordingly, we deny Employee's request to dismiss the appeal. We further find that the trial court did not abuse its discretion in granting Employee's motion for a continuance. The trial court's decision is affirmed, and the case is remanded for any further proceedings that may be necessary. Costs on appeal are taxed to Employer.



**FILED**

**April 30, 2018**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:30 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Sarah Love | )    Docket No.  2015-07-0195 |
| | ) |
| v. | )    State File No.  55816-2015 |
| | ) |
| Delta Faucet Company, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Allen Phillips, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 30th day of April, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Julie Reasonover | | | | | X | julie@reasonoverlaw.com |
| Hailey H. David | | | | | X | davidh@waldrophall.com |
| Allen Phillips,  Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov