**FILED**
**May 08, 2018**
**12:40 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Olga Esperanza Iboy | ) | Docket No. 2017-06-1855 |
| | ) | |
| v. | ) | State File No. 54088-2017 |
| | ) | |
| Kenten Management, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

---

### Affirmed and Remanded - Filed May 8, 2018

---

The employee in this interlocutory appeal suffered injuries when she fell backwards from a single-step stool she was standing on to complete her duties as a hotel laundry worker. The employer denied the claim, asserting affirmative defenses based upon the employee's alleged willful misconduct and/or willful failure or refusal to use a safety device. The employer alleged the employee's use of the single-step stool rather than a two-step stool violated its rules and resulted in the employee's injuries. Following an expedited hearing, the trial court found the employer failed to satisfy its burden of proving its affirmative defenses and ordered the employer to provide benefits to the employee. The employer has appealed. In addition, the employee has asserted that the appeal is frivolous. We affirm the trial court's order, deny the employee's request for attorneys' fees and costs on appeal, and remand the case.

David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

W. Troy Hart, Knoxville, Tennessee, for the employer-appellant, Kenten Management, LLC

Michael Fisher, Nashville, Tennessee, for the employee-appellee, Olga Esperanza Iboy

### Factual and Procedural Background

Olga Esperanza Iboy ("Employee") was employed by Kenten Management, LLC ("Employer"), as a laundry attendant at a Nashville hotel. While in the process of washing and drying laundry on June 16, 2017, she retrieved a single-step stool from

1

under a nearby table and placed it in front of a dryer in order to reach the controls to activate the dryer. She stepped on the stool, then fell backwards, landing on her buttocks and experiencing immediate pain. In response to her screams, co-workers came to assist her but were unable to get her back on her feet. An ambulance was called, and Employee was transported to Skyline Medical Center in Nashville where she was treated for her low-back complaints and released.

Employer subsequently provided Employee a panel of physicians from which she selected Concentra as her treating medical provider. She was first seen at Concentra by Dr. John Shields on June 28, 2017. Due to the nature of her pain complaints, emergency medical responders were called to transport Employee to Skyline Medical Center where she was admitted and ultimately underwent surgery to address a T-12 compression fracture. Following surgery, Employee returned to Concentra on July 7, 2017, and was seen again by Dr. Shields who referred her for physical therapy.

Employer terminated compensation benefits on July 11, 2017. On July 24, 2017, Employer filed a notice of controversy denying the claim and identifying the "[m]atters in dispute" as follows: "Your employer told you to utilize the 2 step stool while working [but] you chose to utilize the one step stool." Following Employee's filing of a petition for benefit determination, a dispute certification notice was issued indicating the parties were unable to resolve their disputes concerning Employee's entitlement to benefits. The dispute certification notice identified a single disputed issue, "[c]ompensability," and identified Employer's defense as "Employee['s] willful misconduct." In accordance with Tenn. Comp. R. & Regs. 0800-02-21-.11(5) (2016), the dispute certification notice indicated neither party submitted a list of additional issues for inclusion after a copy of the dispute certification notice was provided to the parties.[1]

Employee was the only witness to testify at the expedited hearing. Employer submitted a written declaration of Employee's supervisor, Terrie Pattum, that stated "[w]hen . . . [Employee] began working that morning [June 16, 2017], she began to use the one step stool that she took out of the maintenance closet." The declaration reflected that Ms. Pattum "told [Employee] that she must only use the two step stool . . . [that was] under the laundry table." The declaration stated that Ms. Pattum was "pointing at it under the laundry table" when she was informing Employee to "only use the two step stool."

---

[1] During the expedited hearing, counsel for Employee represented that an additional disputed issue concerning temporary disability benefits had been submitted to the mediator for inclusion in the dispute certification notice. The trial court instructed Employee that the absence of any issues in the dispute certification notice should have been raised prior to the expedited hearing and declined to consider Employee's request for temporary disability benefits. Employee has not raised an issue on appeal concerning the trial court's refusal to address Employee's entitlement to temporary disability benefits and, therefore, we do not address it.

Employee does not speak English and testified through an interpreter. She stated that prior to her injury she "was never told" which step stool to use. She testified that, on the day of her injury, the single-step stool was located "where [she] was working," and that she "always" used the single-step stool because "[t]hey never took that away from that area," as it was "always maintained under the table." She claimed the single-step stool was in the room where she worked and that the "larger stool" was kept outside and used by a co-worker. When asked if she felt the single-step stool presented more danger than the two-step stool, she responded "that [single-step] stool was there . . . I had to use something to get higher up to do my job. And if it had been a danger to me, I would imagine that the employer would not have had that stool present."

When asked if she was disciplined after the fall, or any time before her fall when using the single-step stool, she responded, "[n]o." She testified she did not recall seeing her supervisor on the morning of the accident prior to her fall, but that her supervisor "arrived later after I had fallen and I was under the table. That's [when] she arrived."

The nature and extent of Employee's injuries were not disputed at the expedited hearing. Rather, Employer asserted that the claim was not compensable, relying on the affirmative defenses of willful misconduct and/or willful failure to use a safety device as contemplated in Tennessee Code Annotated section 50-6-110(a) (2017). Employer asserted Employee violated its rule requiring Employee to use a two-step stool. It asserted there was no history of disciplinary action having being taken for violation of the rule because this was the first time Employer had encountered a violation of the rule. Employer acknowledged there was no written rule specifically addressing the use of step-stools.

Although the parties disputed whether Employee had been told which stool to use, the trial court commented that even if Employer had given instructions "not to use the single-step stool . . . the Court does not know whether [Employee] understood it, given the language barrier." The trial court concluded that, regardless which stool was used, Employee's loss of balance was a "danger associated with standing on any size stool." The court found Employee's testimony to be credible, noting that although she "spoke only in Spanish, the Court observed her facial expressions and mannerisms and finds [her] credible." After considering her testimony and the documentary evidence submitted by the parties, the trial court determined Employer "is unlikely to prevail at a hearing on the merits of its affirmative defense." Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2017). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give

considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2017).

## Analysis

Employer raises three issues on appeal, which we have restated as follows: (1) whether the parties' failure to participate in meaningful mediation prevented the trial court from acquiring subject matter jurisdiction; (2) whether the trial court erred in determining Employer is unlikely to succeed at trial in establishing its affirmative defenses under Tennessee Code Annotated section 50-6-110(a)(1) and (4); and (3) whether a trial court's award of benefits at an expedited hearing deprives an employer of its constitutional due process rights because of the absence of a mechanism for an employer who successfully defends a case at trial to recover benefits paid pursuant to an expedited hearing order. In addition, Employee asserts that Employer's appeal is frivolous and requests that we award attorneys' fees and costs on appeal.

### A. Standard of Review

Initially, we note that Employee cites Tennessee Code Annotated section § 50-6-217(a)(3) (2016) (repealed 2017) in support of its argument that the trial court's decision should be affirmed. Section 50-6-217(a)(3) authorized us to reverse or modify a trial court's decision if the rights of a party were prejudiced because the findings of the trial judge were "not supported by evidence that is both substantial and material in light of the entire record." However, as we have noted on numerous occasions, this code section was repealed effective May 9, 2017.[2] Consequently, as noted above, the standard we apply

---

[2] *See, e.g.*, *Edwards v. Fred's Pharmacy*, No. 2017-06-0526, 2018 TN Wrk. Comp. App. Bd. LEXIS 9, at *5-6 (Tenn. Workers' Comp. App. Bd. Feb. 14, 2018); *Bowlin v. Servall, LLC*, No. 2017-07-0224, 2018 TN Wrk. Comp. App. Bd. LEXIS 6, at *6-7 (Tenn. Workers' Comp. App. Bd. Feb. 8, 2018); *Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *12-13 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018); *Baker v. Electrolux*, No. 2017-06-0070, 2017 TN Wrk. Comp. App. Bd. LEXIS 65, at *5-6 (Tenn. Workers' Comp. App. Bd. Oct. 20, 2017); *Butler v. AAA Cooper Transportation*, No. 2016-07-0459, 2017 TN Wrk. Comp. App. Bd. LEXIS 54, at *5-6 (Tenn. Workers'

in reviewing the trial court's decision presumes that the trial judge's factual findings are correct unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-239(c)(7).

## B. Subject Matter Jurisdiction

Questions regarding a court's subject matter jurisdiction address the court's "lawful authority to adjudicate a controversy brought before it . . . and, therefore, should be viewed as a threshold inquiry." *Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012). A court derives its subject matter jurisdiction from the Tennessee Constitution or from statutes, *Staats v. McKinnon*, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006), as opposed to conduct or agreement of the parties, *Shelby County v. City of Memphis*, 365 S.W.2d 291, 292 (Tenn. 1963).

Employer presents a two-pronged attack on the trial court's subject matter jurisdiction. First, it asserts Employee's claim was "brought before the Tennessee Court of Workers' Compensation Claims by virtue of a Dispute Certification Notice . . . that was issued *prior to* any mediation between the parties." (Emphasis added.) Second, Employer asserts that Employee's petition for benefit determination "lacked the specificity required to apprise both the court and the Employer of the issues in dispute."

In its brief, Employer asserts it initially raised its objection that the dispute certification notice was issued prematurely in a motion to remand, which Employer attached as an exhibit to its brief on appeal, adding that it "again raises that issue in this appeal." Although Employer's "Motion to Remand to Mediation" that was exhibited to its brief includes a stamp indicating the document was filed in the Court of Workers' Compensation Claims on December 28, 2017, the document is not included in the record on appeal. Moreover, issues concerning whether mediation occurred or whether the dispute certification notice was issued prematurely were not presented to the trial court, were not addressed in the court's expedited hearing order, and were not addressed in the transcript of the trial court proceedings.

Likewise, Employer's assertions that the petition for benefit determination lacked the specificity required to apprise the court and Employer of the issues in dispute and was "insufficient to serve as the impetus" for the mediator to issue a dispute certification notice or begin mediation, were not addressed by the trial court. Employer did not raise the issue in its position statement filed in response to Employee's petition for benefit determination, it did not submit a list of additional issues for inclusion in the dispute certification notice concerning the issue, it did not address the issue in its response to

Comp. App. Bd. Sept. 12, 2017); *Glasgow v. 31-W Insulation Co., Inc.*, No. 2017-05-0225, 2017 TN Wrk. Comp. App. Bd. LEXIS 51, at *11-12 (Tenn. Workers' Comp. App. Bd. Sept. 6, 2017).

Employee's request for expedited hearing, and it did not raise the issue in the expedited hearing.

Irrespective of the fact that the record contains no indication that Employer presented its jurisdictional issue to the trial court, parties cannot confer subject matter jurisdiction on a court by "appearance, plea, consent, silence, or waiver." *Yarbrough v. Protective Services Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *7 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016) (citing *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999)). Tennessee Code Annotated section 50-6-238(a)(3) (2017) authorizes judges of the Court of Workers' Compensation Claims to hear and determine claims for compensation and "to make orders, decisions, and determinations." Section 50-6-239(a) provides that "[w]ithin sixty (60) days after issuance of a dispute certification notice by a workers' compensation mediator," a party may file a request for a hearing. Subsection 50-6-239(b) limits a trial judge's authority to hear issues to those "that have been certified by a workers' compensation mediator within a dispute certification notice," unless the judge finds that additional issues not certified by the mediator fall within the provisions of subsection 50-6-239(b)(2).

Here, a dispute certification notice, certified by a mediator, was issued on December 4, 2017, and filed with the Bureau on December 15, 2017, identifying "[c]ompensability" as the disputed issue. The notice states it "is being issued" due to unresolved mediation regarding both "temporary disability and/or medical benefits" and "permanent disability and/or medical benefits." Thus, the statutory requirement for the Court of Workers' Compensation Claims to acquire jurisdiction to consider Employee's claim was satisfied. Whether Employee's petition for benefit determination "lacked the specificity required to apprise both the court and the Employer of the issues in dispute," does not impact the court's subject matter jurisdiction and Employer has cited no authority supporting its position in this regard. Accordingly, we find no merit in Employer's attack on the jurisdiction of the Court of Workers' Compensation Claims.

### C.  *Employer's Affirmative Defenses*

Turning to the merits of Employer's affirmative defenses, Employer asserts Employee's injury is not compensable due to Employee's willful misconduct in failing to follow the safety instructions of her supervisor and/or her willful failure to use a safety device. Tennessee Code Annotated section 50-6-110(a)(1) and (4) provide, respectively, that no compensation "shall be allowed for an injury" due to the employee's "willful misconduct" or the employee's "willful failure or refusal to use a safety device." Section 50-6-110(b) provides that if an employer defends on either of these grounds "the burden of proof shall be on the employer to establish the defense." Irrespective of the burden of proof at trial that is placed upon an employer who asserts affirmative defenses under section 50-6-110(a), section 50-6-239(d)(1) provides that the standard applicable in determining whether an employee is entitled to benefits at an expedited hearing is

whether the evidence is sufficient for the court to determine "that the employee would likely prevail at a hearing on the merits." Tenn. Code Ann. § 50-6-239(d)(1). *See also Burnett v. Builders Trans.*, No. 2017-08-0409, 2018 TN Wrk. Comp. App. Bd. LEXIS 5, at *10 (Tenn. Workers' Comp. App. Bd. Feb. 8, 2018).

In its brief, Employer presents two arguments in support of its assertion that the trial court erred in determining it is unlikely to succeed in establishing its affirmative defenses at trial. First, it argues Employee's injury was due to her own willful misconduct in failing to follow the safety instructions of her supervisor, and that the "Larson Test," adopted by the Tennessee Supreme Court in *Mitchell v. Fayetteville Public Utilities*, 368 S.W.3d 442 (Tenn. 2012) to address the affirmative defenses in section 50-6-110(a)(1) and (4), "usurped the power of the legislature in remedying what the *Mitchell* court and Larson seemingly argue is a deficient and imprecise statutory provision."[3] Employer contends the four-part "Larson test" as interpreted by *Mitchell*, "conflates two statutory defenses and defeats the purpose of the defenses being separate within the statute." Employer's second argument asserts that even under the *Mitchell* test it met its burden in proving its affirmative defenses. We fail to find merit in either of Employer's arguments.

In support of its first argument, Employer cites three opinions of the Tennessee Supreme Court that were released twenty or more years before the *Mitchell* opinion. Each was addressed in detail in *Mitchell*. While the *Mitchell* Court noted that *Larson's* treatise "recognizes the blurred line between the statutory defenses of willful misconduct and the willful failure or refusal to follow a safety regulation or policy," it nonetheless adopted *Larson's* suggestion that the elements required to assert successful defenses for willful misconduct and willful failure to use a safety device should be determined by the same standard. *Id.* at 452. Specifically, the Court stated that "[b]ecause *Larson's* four-step test establishes straightforward guidelines for evaluating claims of willful misconduct and the willful failure or refusal to use a safety appliance, we choose to adopt the standard for this and future cases involving these statutory defenses." *Id.* at 453.

Employer asserts that *Mitchell's* four-part test "exclusively relates to a narrow set of facts regarding a safety device," and that by adopting "this narrow test" to evaluate both defenses, "the judiciary has usurped the power of the legislature." As the Supreme Court noted in *Mitchell*, "the right to workers' compensation benefits is entirely statutory, and the legislature is solely responsible for creating the workers' compensation program, including the willful misconduct defense. As such, any changes in the workers' compensation program must come from the legislature, not the courts." *Id.* at 451 (citations omitted). The legislature has not amended section 50-6-110(a) or (b) in the six years since the Supreme Court's adoption of the four-part test in *Mitchell*. Indeed, even in the sweeping reforms to the Tennessee Workers' Compensation Act enacted in 2013,

---

[3] *See* 2 Lex K. Larson, Larson's Workers' Compensation Law §34.01 (Matthew Bender, rev. ed.).

7

section 50-6-110(a)(1), (4) and section 50-6-110(b) remained unchanged. Had the legislature wanted to change the law or alter the standard announced in *Mitchell*, it could have done so.

Employer's second attack on the trial court's determination that Employer failed to establish its affirmative defenses asserts that, even under the *Mitchell* test, it "presented affirmative evidence of each prong required" such that the preponderance of the evidence does not support the trial court's determination. Noting that the lesser evidentiary standard applicable at the expedited hearing stage of litigation "does not require one to prove 'each and every element' of one's claim," Employer argues that "[n]either should [the court] require an Employer to definitely prove each and every element of an affirmative defense" at the expedited hearing stage. However, as previously noted, irrespective of the burden of proof placed on an employer to establish defenses under section 50-6-110(a), section 50-6-239(d)(1) provides that the standard applicable in determining whether an employee is entitled to benefits at an expedited hearing is whether the evidence is sufficient for the court to determine "that the *employee* would likely prevail at a hearing on the merits." Tenn. Code Ann. § 50-6-239(d)(1) (emphasis added). Thus, a trial court can consider whether an employer has come forward with sufficient evidence in support of an affirmative defense at an expedited hearing, but, in the context of an expedited hearing, such considerations are relevant only in assessing whether the employee is likely to prevail at trial.

Addressing the first element in the *Mitchell* analysis, Employer asserts that "[m]ultiple times throughout [Employee's] employment, from her initial training to the date of the alleged injury, [Employee] had been instructed regarding the proper procedures and rules associated with her duties." It asserts "[n]o question exists regarding [Employee's] knowledge of these instructions and policies." To the contrary, we find that neither the transcript of Employee's testimony nor the declaration of Employer's housekeeping supervisor suggests that Employee was given instructions as to the use of step stools at any time other than the day of the accident. Indeed, Employee testified that no one with Employer ever told her she was not permitted to use the single-step stool. The trial court found Employee credible, adding that the court "gives greater weight to her testimony over the declaration of [the housekeeping supervisor] indicating that she gave a verbal instruction not to use the single-step stool." Furthermore, the trial court noted that even if the instruction was given by the housekeeping supervisor on the day of the accident, "the Court does not know whether [Employee] understood it, given the language barrier." As we have previously observed, "it stands to reason that the existence of a violation must occur to successfully invoke this defense." *Neal v. Connect Express, LLC*, No. 2016-06-1872, 2017 TN Wrk. Comp. App. Bd. LEXIS 9, at *10 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2017). We cannot conclude from the record on appeal that Employee knowingly violated any workplace rule or engaged in any misconduct such that the *Mitchell* test is implicated.

8

Moreover, the trial court addressed each of the four prongs of the test adopted in *Mitchell* and found that the evidence presented as to each favored Employee. In our analysis of the evidence, we presume "that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7). We are unable to say that the evidence preponderates against the trial court's conclusions, and we affirm the trial court's determination that Employer failed to establish the affirmative defenses of willful misconduct or willful failure or refusal to use a safety device.

### D. The Due Process Argument

Finally, we turn to Employer's argument that the trial court's order requiring it to pay benefits following the expedited hearing deprives Employer of its due process rights because of the absence of any mechanism for Employer to recover such payments in the event it is successful at trial in establishing that Employee's claim is not compensable. Employer failed to raise this issue in the trial court. As we have previously observed, it is not the role of the Appeals Board to address issues in the first instance. *See Buckner v. Eaton Corp.*, No. 2016-01-0303, 2016 TN Wrk. Comp. App. Bd. LEXIS 84, at *12 (Tenn. Workers' Comp. App. Bd. Nov. 9, 2016) ("[I]t is not our place to address . . . issues [not resolved by the trial court] in the first instance on appeal."). Thus, we conclude Employer's due process issue has been waived due to Employer's failure to present the issue to the trial court.

### E. Frivolous Appeal

Employee requests we deem this appeal frivolous and award her attorneys' fees and costs. As we have previously noted, a frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough*, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11. "[P]arties should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Id.* at *10-11; *see also Burnette v. WestRock*, No. 2016-01-0670, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *18 (Tenn. Workers' Comp. App. Bd. Oct. 31, 2017). Although Employer's appeal here has not been successful, we do not find it to be devoid of merit or brought solely for delay, and, therefore, we decline to find the appeal frivolous.

### Conclusion

For the foregoing reasons, we hold that (1) the Court of Workers' Compensation Claims had subject matter jurisdiction to address Employee's claim; (2) the evidence does not preponderate against the trial court's decision; (3) Employer's due process argument was waived; and (4) Employer's appeal is not frivolous. Accordingly, the trial court's decision is affirmed, and the case is remanded.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Olga Esperanza Iboy | ) | Docket No. 2017-06-1855 |
| | ) | |
| v. | ) | State File No. 54088-2017 |
| | ) | |
| Kenten Management, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 8th day of May, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Michael Fisher | | | | | X | mfisher@ddzlaw.com |
| W. Troy Hart | | | | | X | wth@mijs.com |
| Andrew Womack | | | | | X | mawomack@mijs.com |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov