**FILED**
**Apr 22, 2020**
**09:22 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Willie Wright | ) | Docket No. 2019-08-0723 |
| | ) | |
| v. | ) | State File No. 48606-2019 |
| | ) | |
| Memphis Light, Gas & Water, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

---

### Vacated and Remanded

---

In this interlocutory appeal, the employee asserted he has numerous medical conditions caused by workplace exposures to asbestos, lead, and other toxins over a twenty-nine year employment period. The employer denied the claim, asserting there is no proof that occupational exposures to any toxins were the primary cause of any of the employee's alleged medical conditions. The dispute certification notice also identified as disputed issues jurisdiction, lack of proper notice, and the expiration of the statute of limitations. The employer asserted the employee had retired in June 2014. Following an expedited hearing, the trial court concluded the employee was not likely to prevail at trial on the issue of medical causation and denied the employee's claim for medical benefits. The employee has appealed. Because we conclude the trial court must address subject matter jurisdiction as a threshold issue, we vacate the trial court's expedited hearing order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Pele I. Godkin joined.

Willie Wright, Memphis, Tennessee, employee-appellant, pro se

Sean A. Hunt, Memphis, Tennessee, for the employer-appellee, Memphis Light, Gas & Water

1

**Memorandum Opinion[1]**

Willie Wright ("Employee"), a sixty-six-year-old resident of Shelby County, Tennessee, worked for Memphis Light, Gas & Water ("Employer") for twenty-nine years.[2] According to Employer, Employee retired on June 8, 2014.[3] Employee alleged that over the course of his employment, he was exposed to asbestos, lead, arsenic, mercury, and other toxins. He further asserted that he now suffers from various medical conditions, including swollen hands and knees, caused by his occupational exposures. In his petition for benefits, filed on July 9, 2019, Employee alleged a date of injury of June 14, 2019.[4] The dispute certification notice identified several issues, including jurisdiction, lack of evidence of medical causation, lack of proper notice, and the expiration of the applicable statute of limitations.

After the dispute certification notice was issued, Employee filed a request for an expedited hearing asking the trial court to order Employer to provide medical benefits. Employer denied Employee's claim for benefits, asserting Employee's medical conditions were unrelated to any alleged occupational exposures. Following an expedited hearing, the trial court concluded Employee had not come forward with sufficient evidence to show a likelihood of prevailing at trial on the issue of medical causation, and it denied Employee's request for medical benefits. The trial court did not address the disputed jurisdiction issue. Employee has appealed. For the following reasons, we conclude the trial court's decision to address the merits of Employee's request for medical benefits, without first addressing jurisdiction, was premature.

Before the merits of any appeal can be considered, the more basic issue of subject matter jurisdiction must be determined. As we have previously observed:

> It is well-established that questions regarding a court's subject matter jurisdiction address the court's "lawful authority to adjudicate a controversy brought before it . . . and, therefore, should be viewed as a threshold inquiry." *Redwing v. Catholic Bishop for the Diocese of*

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

[2] Neither party filed a transcript of the expedited hearing or a brief on appeal. We have gleaned the facts from the pleadings, Employee's affidavit, and various exhibits.

[3] Because we have no transcript of the expedited hearing, we do not know whether Employee disputed Employer's assertion regarding the date of his retirement. Nothing in the record indicates the date of Employee's retirement was disputed.

[4] The record is silent as to why June 14, 2019 was listed as the date of injury.

*Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012).  A court derives its subject matter jurisdiction from the Tennessee Constitution or from statutes, *Staats v. McKinnon*, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006), as opposed to conduct or agreement of the parties, *Shelby County v. City of Memphis*, 365 S.W.2d 291, 292 (Tenn. 1963).  Thus, the parties cannot confer subject matter jurisdiction on a court by "appearance, plea, consent, silence, or waiver." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999).  In the absence of subject matter jurisdiction, orders entered by a court are invalid and unenforceable. *Suntrust Bank v. Johnson*, 46 S.W.3d 216, 221 (Tenn. Ct. App. 2000).

*Yarbrough v. Protective Servs. Co.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *6-7 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016).  Moreover, "the issue of subject-matter jurisdiction may be raised at any time during the proceedings, by the parties or by the court." *Wilken v. Wilken*, No. W2012-00989-COA-R3-CV, 2012 Tenn. App. LEXIS 907, at *10-11 (Tenn. Ct. App. Dec. 27, 2012) (citations omitted).

Tennessee Code Annotated section 50-6-237 (2013), which is part of the Workers' Compensation Reform Act of 2013, created the Court of Workers' Compensation Claims and provided that the court "shall have original and exclusive jurisdiction over all contested claims . . . when the date of the alleged injury is on or after July 1, 2014." *See also* Tenn. Code Ann. § 50-6-101 (The "Workers' Compensation Law . . . shall be controlling for any claim for workers' compensation benefits for an injury . . . when the date of injury is on or after July 1, 2014.").  In the present case, Employee alleged a June 14, 2019 date of injury.  However, the dispute certification notice identified jurisdiction as an issue, and it appears from the record that Employee may have retired from Employer prior to July 1, 2014.  The record is silent as to whether Employee suffered or alleges to have suffered work-related exposures to toxins on or after July 1, 2014, or when his last injurious exposure to any workplace toxins allegedly occurred.  The trial court did not address the jurisdiction issue or the date of Employee's alleged injury, and we cannot determine from the record whether the trial court had subject matter jurisdiction.  We therefore vacate the trial court's expedited hearing order and remand the case for the trial court to address whether it can properly exercise subject matter jurisdiction over this case.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Willie Wright | ) | Docket No. 2019-08-0723 |
| | ) | |
| v. | ) | State File No. 48606-2019 |
| | ) | |
| Memphis Light, Gas & Water, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 22nd day of April, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Willie Wright | X | X | | | 1333 Timothy Drive Memphis, TN 38116 |
| Sean A. Hunt | | | | X | sean@thehuntfirm.com |
| Deana C. Seymour, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov