



FILED
Apr 17, 2020
01:45 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Angela Varner Nickerson | ) | Docket No. 2019-03-0559 |
| | ) | |
| v. | ) | State File No. 54605-2018 |
| | ) | |
| Knox County Government | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard March 24, 2020, at Knoxville |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

---

## Vacated and Remanded—Corrected[1]

The employee filed a petition alleging she suffered a mental injury as a result of work-related events in which she experienced unusual traumatic stimuli while working as a forensics technician for the employer. The employer filed a motion for summary judgment, asserting that, even if a mental injury occurred, the employee failed to file her claim within the applicable statute of limitations. The employee responded by asserting that the statute of limitations was tolled until May 2018, when she discovered her mental condition was causally related to her employment, or, alternatively, that her mental injury is a gradual injury to which the "last day worked" rule applies. At a hearing addressing the employer's motion, the parties agreed that the specific incidents the employee alleged to have precipitated her mental injury occurred in 2011 or earlier, prompting the trial court to question whether it had jurisdiction over the case. However, the court declined to rule on the jurisdiction issue, focusing instead on whether a genuine issue of material fact existed that precluded summary judgment. The trial court denied the employer's motion, concluding there was a disputed factual issue concerning when the employee knew or should have known that she suffered an injury. The employer has appealed. We vacate the trial court's order denying the employer's summary judgment motion and remand the case for the trial court to determine whether the Court of Workers' Compensation Claims has subject matter jurisdiction.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

---

[1] This corrected opinion is being filed to correct a typographical error on page 5 that stated "Employer" rather than "Employee." The previously filed opinion is hereby withdrawn and replaced by this corrected version.

Evan E. Hauser, Knoxville, Tennessee, for the employer-appellant, Knox County Government

Tony Farmer, Knoxville, Tennessee, for the employee-appellee, Angela Varner Nickerson

## Memorandum Opinion[2]

Angela Varner Nickerson ("Employee") worked for the Knox County Government as a technician in the Forensics Department of the Knox County Sheriff's Department ("Employer") for approximately eleven years until she was assigned to Employer's Special Services Department in 2011. She alleges she suffered a mental injury as a result of her forensics work. Specifically, she asserts she experienced two traumatic encounters involving children, including the death of a child in one case and severe physical and sexual abuse of a child in another case. Both encounters occurred in or before 2011. Employee filed a petition for benefits on April 29, 2019, alleging she experienced symptoms of post-traumatic stress disorder ("PTSD") increasing in severity over time, prompting her to seek reassignment to a different department in 2011 and, ultimately, to leave her employment with the Sheriff's Department. She identified the date of injury in her petition as June 12, 2018.

Employer denied the claim, asserting Employee did not file her claim timely, and it filed a motion for a summary judgment asserting it was entitled to a judgment as a matter of law based upon the alleged late filing of Employee's petition. Employee responded that the applicable statute of limitations was suspended by application of the discovery rule, arguing that she did not know her symptoms were causally related to her employment until she was diagnosed with PTSD on May 7, 2018. Alternatively, she argued her mental injury was a gradual injury to which the "last day worked" rule applies, resulting in her date of injury being the last day she worked for the Sheriff's Department, which was less than one year before she filed her petition for benefits. Employer disputed the application of both rules, asserting Employee knew or should have known the work-related nature of her alleged mental injury in 2015 when she sought mental health treatment for problems she related to her employment. Employer additionally argued that Tennessee does not recognize a mental injury as a gradual injury, and that the "last day worked" rule was inapplicable to Employee's claim.

At the hearing of Employer's summary judgment motion, counsel for Employer stated that "as far as the incidents . . ., I think we all agree they occurred sometime prior to 2011, or on or before 2011," which prompted the following statements by the court:

---

[2] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

2

[T]hat in and of itself, seems like it raises some issue about the jurisdiction of the Court that I don't think either one of you have really addressed in this particular case.

I'm aware that this summary judgment is about the statute of limitations and not about the particular date of injury, but it does seem at some point we're going to address when the injury arose. If it arose prior to July 1, 2014, you're in the wrong court. I think we all know that.

But I'm not going to chase that rabbit today. We've got a big enough rabbit to chase with this statute of limitations issue.

But I want to alert you that, as I worked through this and thought about it, that is an issue that I think one day we'll have to address if this case proceeds further . . . ."

The court asked counsel for Employee whether Employee's position was that she suffered a gradual injury "as opposed to a single traumatic-type injury," to which counsel responded, "[i]t is."

The trial court denied Employer's summary judgment motion, stating the following:

Looking at the evidence on summary judgment in the light most favorable to [Employee], the Court holds a genuine factual issue exists as to whether [Employee] knew or should have known more than a year before she filed her [petition] that she had work-related PTSD. For that reason, summary judgment is inappropriate, and the Court denies [Employer's] motion.

In a footnote, the court stated that because it denied Employer's motion, it was "unnecessary to decide [Employee's] alternative gradual-injury theory." Employer has appealed the trial court's order denying its summary judgment motion.

At the outset of oral arguments that were conducted on March 24, 2020, we expressed to the parties that the case presented an issue of subject matter jurisdiction that had not been addressed in the parties' briefs, noting that the jurisdiction of the Court of Workers' Compensation Claims and the Appeals Board is limited to cases having a date of injury on or after July 1, 2014. *See* Tenn. Code Ann. §§ 50-6-237, -217 (2019). The parties requested additional time to brief the jurisdiction issue, which we agreed was appropriate. Both parties timely submitted excellent briefs addressing the jurisdiction issue.

As we have previously observed,

> It is well-established that questions regarding a court's subject matter jurisdiction address the court's "lawful authority to adjudicate a controversy brought before it . . . and, therefore, should be viewed as a threshold inquiry." *Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012). A court derives its subject matter jurisdiction from the Tennessee Constitution or from statutes, *Staats v. McKinnon*, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006), as opposed to conduct or agreement of the parties, *Shelby County v. City of Memphis*, 365 S.W.2d 291, 292 (Tenn. 1963). Thus, the parties cannot confer subject matter jurisdiction on a court by "appearance, plea, consent, silence, or waiver." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). In the absence of subject matter jurisdiction, orders entered by a court are invalid and unenforceable. *Suntrust Bank v. Johnson*, 46 S.W.3d 216, 221 (Tenn. Ct. App. 2000).

*Yarbrough v. Protective Servs. Co.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *6-7 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016). Moreover, "the issue of subject-matter jurisdiction may be raised at any time during the proceedings, by the parties or by the court. A court may raise the issue of subject-matter jurisdiction *sua sponte*, even where no party objects." *Wilken v. Wilken*, No. W2012-00989-COA-R3-CV, 2012 Tenn. App. LEXIS 907, at *10-11 (Tenn. Ct. App. Dec. 27, 2012) (citations omitted).

In its supplemental brief, Employer asserts the Court of Workers' Compensation Claims does not have jurisdiction based upon Employee's admission that her alleged mental injury arises from two identifiable work-related events that occurred in or before 2011. Employer asserts the date of injury for a mental injury "is self-evident by virtue of its definition," noting the statutory definition requires a loss of mental faculties or behavioral disorder "arising primarily out of a compensable physical injury or an identifiable work-related event resulting in a sudden or unusual stimulus." Based upon Employee's assertion that the sudden or unusual stimuli here involved events occurring in or before 2011, Employer contends the trial court does not have jurisdiction. Anticipating that Employee would contend her mental injury is an occupational disease for which the date of injury is the date of "partial or total incapacity for work" resulting from the disease, Employer cites *Gatlin v. City of Knoxville*, 822 S.W.2d 586 (Tenn. 1991), for the proposition that a mental disorder caused by gradual stress and strain cannot be an occupational disease. Finally, Employer asserts the "last day worked" rule, which is applicable to gradual injuries under the Workers' Compensation Reform Act of 2013, does not apply to "purely mental injuries arising from an identifiable work-related event, or series of events, resulting in a sudden or unusual stimulus."

In her supplemental brief, Employee likewise emphasizes the statutory definition of "mental injury," but asserts the definition includes two distinct qualifying phrases or

provisions that must be met before a "mental injury" exists. First, Employee contends section 50-6-102(17) requires that the mental injury "must manifest itself" in the form of "a loss of mental faculties or a mental or behavioral disorder." Second, Employee says the statute requires that the "loss of mental faculties or the mental or behavioral disorder" must be "attributable to 'a compensable physical injury or an identifiable work related event resulting in a sudden or unusual stimulus.'" Further, Employee posits that the statutory definition does not require that "the elements necessary to constitute a 'mental injury' be simultaneous, concurrent or instantaneous."

Stating these requirements in different terms, Employee contends that an employee who experiences an identifiable work-related event or series of events that qualifies as a sudden or unusual stimulus does not suffer a mental injury simply by the occurrence of the experience or event; rather, the occurrence of the experience or event results in a mental injury only if and when the employee sustains a "loss of mental faculties or a mental or behavioral disorder as a result of the experience or event." As argued by Employee, in this case there was no mental injury until she suffered a loss of mental faculties or a mental or behavioral disorder, which she says occurred long after the 2011 events and after the effective date of the Workers' Compensation Reform Act of 2013, thereby vesting subject matter jurisdiction in the Court of Workers' Compensation Claims.

Neither an analysis nor a resolution of the parties' respective arguments on the jurisdiction issue is necessary to resolve this appeal. We conclude the trial court erred in ruling on the summary judgment motion prior to determining whether the court had subject matter jurisdiction. It is not our role, in the first instance, to decide issues that should have been presented to the trial court. *See Keyes v. Bridgestone Ams*., No. 2016-06-2007, 2017 TN Wrk. Comp. App. Bd. LEXIS 33, at *6 (Tenn. Workers' Comp. App. Bd. May, 18, 2017) ("The role of an appellate court is not to hear matters in the first instance, but to review trial courts' dispositions of the matters before them."). Accordingly, the trial court's order denying Employer's summary judgment motion is vacated, and the case is remanded for the trial court to determine whether subject matter jurisdiction exists. Costs on appeal are taxed to Employer.

5



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Angela Varner Nickerson | ) | Docket No. 2019-03-0559 |
| | ) | |
| v. | ) | State File No. 54605-2018 |
| | ) | |
| Knox County Government | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard March 24, 2020, at Knoxville |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 17th day of April, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Evan E. Hauser | | | | X | evan.hauser@knoxcounty.org |
| Tony Farmer | | | | X | tony@farmerdreiser.com |
| Thomas L. Wyatt, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov